# EXHIBIT B

---

**State of Ohio**
**Department of State**

**Sherrod Brown**
Secretary of State

Date 7/02/87     Number  704061     Receipt No.  771

G187-1300     0328

Received of     MCCUTCHAN, SCHMIDT & DRUEN
or filed by

G187-1300

The sum of $ ___1,850.00___ for filing ___ARF_____ of

NMW CORPORATION

ARF    $  1,850.00

Returned to:                                771
    MCCUTCHAN, SCHMIDT & DRUEN
    ATT: S. HOMOELLE
    ONE NATIONWIDE PLZ.
    COLUMBUS, OH 43216

**RECEIPT**

Name:
    NMW CORPORATION

Total Fee:  $  1,850.00

SEC-6001

# EXHIBIT B

Department of State

# The State of Ohio

**Sherrod Brown**
Secretary of State

G187-1301

704061

## ✦ Certificate ✦

**It is hereby certified** that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous Filings; that said records show the filing and recording of: APF

_____ of:

NMW CORPORATION

Recorded on Roll ____G187____ at Frame ____1302____ of the Records of Incorporation and Miscellaneous Filings.

**United States of America**
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State, at the City of Columbus, Ohio, this ____30TH____ day of ____JUNE____, A.D. 19 _82_





**Sherrod Brown**
Secretary of State

G0187-1302

ARTICLES OF INCORPORATION
OF NMW CORPORATION

APPROVED
By........
Date......6-30-87
Amount....1,850

Corporation for profit                       Unclassified shares
                                             without par value

The undersigned desiring to form a corporation for profit under the Ohio General Corporation Law, does hereby certify:

FIRST.   The name of said corporation shall be NMW Corporation.

SECOND.  The place in Ohio where its principal office is to be located is the City of Columbus, Franklin County, Ohio.

THIRD.   The purpose or purposes for which it is formed are:

(a) To acquire, hold, encumber, transfer, guarantee, sell, assign, mortgage, pledge or otherwise dispose of shares, bonds and other evidences of indebtedness, securities and contracts of other persons, associations, corporations, domestic or foreign, and to form or acquire the control of other corporations and while the owner thereof to exercise all the rights, powers and privileges of ownership;

(b) To acquire by purchase or otherwise the good will, rights and property and to undertake the whole or any part of the assets and liabilities of any person, firm or corporation; to pay for the same in cash, the shares or other securities of this corporation or otherwise; to hold or in any manner dispose of the whole or any part of the property or business so acquired; to conduct in any lawful manner the whole or any part of the business so acquired and to exercise all of the powers necessary or convenient in the conduct and management of such business;

(c) To make loans or advances of any kind or type whatsoever whether secured or unsecured to any person, firm or corporation, to extend credit and loan money upon, invest or reinvest in, buy, sell and otherwise deal in and with, whether as principal or agent, any and all kinds and types of property, whether real, personal or mixed, including but not limited to bills of lading, trade acceptances, warehouse receipts, commercial paper, bank accounts, any and all contracts relating to the sale of real and personal property, shares or other securities of any corporation and any other kind and type of instruments or evidences of indebtedness;

(d) To borrow money without limitation; to draw, make, execute, issue, accept, endorse, transfer, with or without recourse, and deliver notes, drafts, bills

DRU/T4/87E819/1/jd

G0187-1303

of exchange, warrants, bonds, debentures and other negotiable and transferable instruments or other evidences of indebtedness, whether negotiable or non-negotiable and to secure the same by mortgage, pledge, deed of trust or otherwise; and to sell, pledge, mortgage, encumber or otherwise deal in and with any of said instruments or other evidences of indebtedness to any person, firm or corporation, including any federal or state bank or agency now or hereafter authorized to accept, hold, own, purchase or otherwise deal in and with any of said instruments or other evidences of indebtedness;

(e)  To engage in any business related or unrelated to those described in clauses (a) through (d) above from time to time authorized or approved by the Board of Directors of this corporation, or carry on any other trade or business which can, in the opinion of the Board of Directors of the corporation, be advantageously carried on in connection with or auxiliary to those described in clauses (a) through (d) above and to do all such things as are incidental or conducive to the attainment of the above objects or any of them;

(f)  To engage in any lawful act or activity for which corporations may be formed under Sections 1701.01 to 1701.98, inclusive, of the Ohio Revised Code and to have and to exercise all rights and powers that are now or may hereafter be granted to a corporation by law.

FOURTH.  The maximum number of shares which the corporation is authorized to have outstanding is 100,000 shares, all of which shall be common shares without par value.

FIFTH.  The amount of capital with which the corporation will begin business is Five Hundred Dollars ($500.00).

SIXTH.  Notwithstanding any provisions of law of the State of Ohio requiring for any purpose the vote of a designated proportion of the voting power of the corporation or any class or classes, if any, of the shares thereof, any action may be taken on any proposal, including any amendment of the Articles of Incorporation so as to substantially change the purpose or purposes of this corporation, at any meeting of shareholders by the affirmative vote of the holders of shares entitled to exercise a majority of the voting power of the corporation and in addition thereto by the affirmative vote of the holders of record of the majority of each class, if any, of shares if entitled to vote thereon as a class.

The corporation reserves the right at any time and from time to time to substantially change any or all of its purposes and any such change authorized or approved by the holders of shares as provided in this article shall be binding and conclusive upon every shareholder of the

DRU/T4/87E819/2/jd

G01S7-1301

corporation as fully as if such shareholder had voted therefor and no shareholder notwithstanding that he may have voted against such change of purpose or purposes or may have objected thereto in writing shall be entitled to payment of the fair cash value of his shares.

SEVENTH. The corporation shall have the right to purchase or sell any class of shares of the corporation, or to hold and transfer its own capital shares of any class from time to time, to such extent and in such manner and upon such terms as its Board of Directors shall determine, or in any other manner authorized by law; provided, no such purchase would cause any impairment of its capital and no such purchase shall be made so as to favor any shareholder over any other.

EIGHTH. A director of this corporation shall not be disqualified from his office by dealing or contracting with the corporation as vendor, purchaser, employee, agent, or otherwise, nor shall any transaction or contract or act of this corporation be void or voidable or in any way affected or invalidated by reason of the fact that such director has an interest in a firm or contract or act, provided the fact that such director or such firm or such corporation is so interested shall be disclosed or shall be known to the Board of Directors or such members thereof as shall be present at any meeting of the Board of Directors at which action upon any such contract or transaction or act shall be taken; nor shall any such director be accountable or responsible to the corporation for or in respect to any such transaction or contract or act of this corporation or for any gains or profits realized by him by reason of the fact that he or any firm of which he is a member or any corporation of which he is shareholder or director is interested in such transaction or contract or act; and any such director may be counted in determining the existence of a quorum at any meeting of the Board of Directors of the corporation which shall authorize or take action in respect of any such contract or transaction or act, and may vote thereat to authorize, ratify or approve any such contract or transaction or act, with like force and effect as if he or any firm of which he is a member or any corporation of which he is a shareholder or director were not interested in such transaction or contract or act.

In witness whereof, I have hereunto subscribed my name this 30TH day of June, 1987.

Thomas W. Dietrich

Address: One Nationwide Plaza
Columbus, Ohio 43216

PRU/T4/87E819/3/jd

# EXHIBIT B

Form AGO August, 1983
Prescribed by Sherrod Brown
Secretary of State

G0187-1305



## Original Appointment of Statutory Agent

The undersigned, being at least a majority of the incorporators of __NMW CORPORATION__
(Name of Corporation)

_____, hereby appoint __THOMAS W. DIETRICH__ to be statutory agent
(Name of Agent)

upon whom any process, notice or demand required or permitted by statute to be served upon the corporation may be served.

The complete address of the agent is: __ONE NATIONWIDE PLAZA__
(Street)

__COLUMBUS__, __FRANKLIN__ County, Ohio __43216__.
(City or Village)                                              (Zip Code)

Date: __JUNE 30, 1987__                        _____
                                                                    (Incorporator)
                                                             THOMAS W. DIETRICH

_____
(Incorporator)

_____
(Incorporator)

### Instructions

1) Profit and non-profit articles of incorporation must be accompanied by an original appointment of agent. R.C. 1701.04(C), 1702.04(C).

2) The statutory agent for a corporation may be (a) a natural person who is a resident of Ohio, or (b) an Ohio corporation or a foreign profit corporation licensed in Ohio which has a business address in this state and is explicitly authorized by its articles of incorporation to act as a statutory agent. R.C. 1701.07(A), 1702.06(A).

3) The agent's complete street address must be given; a post office box number is not acceptable. R.C. 1701.07(C), 1702.06(C).

4) An original appointment of agent form must be signed by at least a majority of the incorporators of the corporation. R.C. 1701.07(B), 1702.06(B).

# EXHIBIT B

---

**McCUTCHAN, SCHMIDT & DRUEN**
ATTORNEYS AT LAW
ONE NATIONWIDE PLAZA
COLUMBUS, OHIO 43216

G0187-1306

| | |
|---|---|
| GORDON E. McCUTCHAN | THOMAS E. BARNES |
| GEORGE W. SCHMIDT | LUCINDA A. REYNOLDS |
| W. SIDNEY DRUEN | GENE HAYTON BARR |
| DAVID L. MAYNARD | MARK B. KOOGLER |
| JOSEPH P. RATH | RANDALL L. ORR |
| THOMAS W. DIETRICH | ROBERT J. KENT |
| RICHARD C. BEIRUSS | GEORGE K. MACKLIN |
| CLENZO B. FOX | LORRAINE K. PHILLIPS |
| PHILIP W. WHITAKER | SANDRA L. NEELY |
| ROBERT M. PARSONS | MICHAEL J. STUDEBAKER |
| DANIEL R. RUPP | BRIAN M. BACON |

(614) 249-7617

WRITER'S DIRECT DIAL NUMBER

(614) 249-4193

Practice limited to Nationwide Insurance Companies
and their associated companies

June 30, 1987

HAND DELIVERED

Secretary of State
State of Ohio
30 East Broad Street
Columbus, Ohio  43215

Re:      Articles of Incorporation - NMW Corporation

TO WHOM IT MAY CONCERN:

Enclosed are an original and one copy of the following documents prepared in connection with the incorporation of NMW Corporation, as a profit corporation:

1. Articles of Incorporation
2. Appointment of Statutory Agent
3. Check in the amount of $1,850.00 made payable to the Secretary of State.

Please enter these documents on your records as of the date of receipt and return the certificate to my attention at the above address.

Thank you for your assistance.

Very truly yours,

McCUTCHAN, SCHMIDT & DRUEN

*Suzanne Homoelle*
Suzanne Homoelle
Legal Assistant

SH/jd

Enclosures

JD-7/T/87E13/1/jd